Thomas P. Parley, J.
This proceeding pursuant to article 78 of the Civil Practice Act seeks to compel the respondent *229 Assessor of the Village of Lindenhurst to affix his signature to, and accept for filing, a certain certificate of partial abandonment of a subdivision pursuant to subdivision 3 of section 335 of the Beal Property Law.
Petitioners are the owners of two tracts of land situate on the north side of Sunrise Highway in the Village of Lindenhurst and the Town of Babylon. These parcels are described in two subdivision maps filed in the office of the Suffolk County Clerk in the years 1870 and 1879, respectively. It appears that these maps, taken together, describe a major portion of all land within the boundaries of the Village of Lindenhurst. Petitioners’ two parcels are separated by “ 42nd Street”, an unopened street which was laid out on the two subdivision maps but never formally dedicated and title to which is in the petitioners.
In accordance with subdivision 3 of section 335 of the Beal Property Law, petitioners executed a written certificate of partial abandonment of a subdivision covering the two tracts and that portion of 42nd Street lying between. After having obtained the consent of the Assessor of the Town of Babylon indorsed on the certificate, petitioners submitted it to the respondent Assessor of the Village of Lindenhurst, who, on instructions from the respondent Board of Trustees of the village, refused to affix his consent thereto.
Subdivision 3 of section 335 of the Beal Property Law, insofar as is here applicable, states as follows: “ whenever at least twenty years have elapsed since the filing of said map, the owner of the property to be abandoned may * * * abandon any streets or portions thereof shown on said map and which are within the bounds of the property to be abandoned if such streets or portions thereof are neither opened, nor public highways, nor used by the public, nor necessary for the use of owners, occupants or any other persons having an interest in any part of the subdivision. * * * A copy of each certificate of abandonment must be filed with the assessor and/or board of assessors of each town and village wherein any portion of the property to be abandoned is situated, and the endorsement of approval by each such assessor and/or board of assessors must be endorsed on the original of each certificate presented to the county clerk for recording.” (Emphasis added.)
The respondents’ answer, while admitting that the subject street was never formally dedicated, opened or used as a public highway, asserts that it is “ necessary for the use of owners, occupants or other persons having an interest in the subdivision.” It appears that a 1942 line and grade map of the Village of Lindenhurst, prepared for the purpose of establishing monu *230 ments and grading streets for drainage purposes, embraces that portion of 42nd Street which petitioners seek to abandon. The respondents also submitted petitions addressed to the village and verified prior to the institution of this proceeding, made by-property owners in the immediate vicinity, requesting the opening of 42nd Street as a public thoroughfare.
This court does not agree with petitioners’ contention that the assessor’s execution of a consent is purely a ministerial act. The above-mentioned section speaks of an “ endorsement of approval by * * * such assessor ” to be affixed on the certificate of abandonment. The word “ approval ” implies knowledge and exercise of discretion after knowledge. (Black’s Law Dictionary [4th ed.], p. 132.) Furthermore, the statute provides that, with respect to subdivision maps filed more than 2 years, but less than 20 years, each owner of a lot or interest in a subdivision must consent to the abandonment of a street. Where, however, the map has been filed for more than 20 years, the assessor alone may execute the consent provided certain additional conditions have been satisfied, i.e., the street must be neither opened, used by the public, nor “ necessary for the use of owners, occupants or any other persons having an interest in any part of the subdivision.” (Beal Property Law, § 335, subd. 3.)
It is this court’s opinion that the Legislature never intended that the party seeking the abandonment of a street be the final arbiter as to whether the conditions have been met. To the contrary, it placed that responsibility with the assessor. It is not the province of courts to interfere with the exercise of discretion conferred upon a public officer by law, unless it is arbitrary, capricious, unreasonable or illegal. (Matter of Larkin Co. v. Schwab, 242 N. Y. 330 ; Matter of Small v. Moss, 279 N. Y. 288 ; Foy Prods., Ltd., v. Graves, 253 App. Div. 475, affd. 278 N. Y. 498.) Petitioners have not shown that the respondent assessor’s refusal was in any way an abuse of discretion. Bespondents ’ contention that 42nd Street is necessary for the use of owners and others having an interest in the subdivision appears reasonable under the circumstances presented. A large proportion of the village residents reside within the boundaries described by the two subdivision maps and the village has included the street in its drainage and grade planning. The fact that the Assessor for the Town of Babylon executed his consent to the abandonment is not decisive of the issue presented. The statute was amended in 1958 to require the approval of the Assessors of both town and village. (L. 1958, ch. 513, eff. April 9,1958.) The petition is accordingly denied.