■ In the Matter of BENIDOR RESTAURANT, INC., Respondent, v NEW YORK STATE LIQUOR AUTHORITY, Appellant.—Judgment, Supreme Court, New York County (Carmen Beauchamp Ciparick, J.), entered July 10, 1986, granting the petition and annulling respondent State Liquor Authority's (SLA) determination which denied petitioner's application for an on-premises liquor license and directing issuance of such license, reversed, on the law, without costs or disbursements, the petition dismissed and the determination reinstated.

Petitioner, Benidor Restaurant, Inc., whose sole principal is allegedly Francisco Quintans, applied for a liquor license for premises located at 234 West 14th Street. David Vasquez had previously leased the premises as well as those at 232 West 14th Street and operated a restaurant therein under the name Fenisterre Cafe. Fenisterre had been issued a liquor license for one stand-up bar at the premises, but had lost its license because of several violations, including subdividing the prem-

ises without permission; permitting the 232 portion to be operated as a separate entity, with its own stand-up bar, by an unauthorized person, Salvador Boutureira; maintaining inadequate books and records; and, because Boutureira had been arrested for criminal activities at the premises.

Benidor's application was filed on August 2, 1985, and an interview was held before the New York City Alcoholic Beverage Control Board on September 26th, at which Quintans appeared with counsel. At the interview it was ascertained that Quintans, who was a registered alien with no stated conviction record, held two other liquor licenses. He stated that he was a longtime friend of Vasquez, from whom he learned of the availability of the premises, but stated that Vasquez would not have any interest in the business. The local Board recommended disapproval on October 10th, because it was not satisfied that Quintans was the sole party in interest.

On October 18th, counsel for Benidor requested a hearing to review the local Board's notice of disapproval. On October 31st, before the hearing, SLA investigators visited the premises. They interviewed the manager, who identified himself as David Vasquez. He told the investigators that he operated the premises from 11:30 A.M. to 11:30 P.M. seven days a week, and earned $150 weekly plus tips. He stated that he only had one other employee, a cook. A search of the freezer behind the bar revealed six bottles of various liquors, some of which were opened, a case of Moussy, and five six-pack cartons of beer. Vasquez stated that the liquor was left over by the previous licensee. Apparently, Vasquez did not acknowledge that he was the principal of the previous licensee. Further inspection of the premises revealed 13 one-liter bottles of various liquors, and 108 bottles of wine and champagne. Again Vasquez stated that the liquor had been left by the previous licensee, but failed to mention that he had been the principal of that licensee.

While the inspection was being conducted, an apparent patron entered the premises and headed directly to the bar area. Vasquez, who, according to the investigators, apparently thought that they could not see him motioning, warned the patron away and the patron then left the premises. Vasquez told the investigators that the business's books and records were with the accountant, whose name and address he did not know, and that Quintans was normally in the premises from 10:00 P.M. until closing, seven days a week. The investigators then left the premises.

Quintans appeared at a hearing on December 11th, and reaffirmed that he was the sole party in interest. On February 27, 1986 the application for an on-premises liquor license was denied. In relevant part the decision recited: "The Authority has considered the foregoing facts and circumstances; the fact that Mr. Quintans already is licensed at two other locations; the fact that Mr. Vasquez's prior license at the instant premises was cancelled; the fact that Mr. Vasquez was employed as a Manager at the instant premises; and the Authority is not convinced that the applicant and its sole principal are the sole and exclusive parties in interest in these premises and/or this application."

Since petitioner does not have a clear legal right to the issuance of a liquor license, it must establish that the agency acted arbitrarily in denying the application. On this record, we cannot perceive any basis to conclude that the Authority acted arbitrarily. Certainly, the presence of the "former owner" on the premises and his failure to identify himself as such raises considerable suspicion that Vasquez had not divested himself of his interest entirely. This fact, coupled with Quintans' ownership of two other establishments with liquor licenses, his 10-year friendship with Vasquez, and Vasquez' prior history of violations at the particular premises, including the creation of a second unlicensed bar, gives weighty support to the Authority's suspicion that Quintans was not the sole party in interest, and, coupled with the revocation for serious cause of the previous license, "provide[s] a reasonable basis for the considered judgment of the Authority that petitioner's course of conduct was incompatible and inconsistent with the responsibilities assumed by a licensed solicitor under the Alcoholic Beverage Control Law and possibly violative of the rules and regulations of the Authority." *(Matter of Wager v State Liq. Auth.,* 4 NY2d 465, 468.) Furthermore, the presence of significant amounts of liquor on the premises, as well as the visit by the patron to the bar area, would lend support to a finding that the bar was currently being operated, notwithstanding the revocation of the previous license.

The Authority has the expertise in reviewing licenses and ascertaining, *inter alia,* the identity of "the real party in interest", and courts should defer to its judgment unless it clearly acted arbitrarily. Merely because Quintans' books are in order, and he can trace his funds for the purchase of the business, does not mean that other parties cannot have an interest. The circumstances here are open to the implication of a silent interest on Vasquez' part. "It is for the Authority

to assess whether the proposed transferee is a person who will properly conduct the premises *(Matter of Barton Trucking Corp.* v. *O'Connell,* 7 N Y 2d 299) and whether the alleged transferee is the real party in interest *(Matter of Intino* v. *Hostetter,* 29 A D 2d 625). Where there are facts presented from which such conclusions can reasonably be drawn, the conclusion is for the Authority rather than the court *(Matter of Wager* v. *State Liq. Auth.,* 4 N Y 2d 465)." *(Matter of Mar-Jear Rest. Corp. v New York State Liq. Auth.,* 31 AD2d 741.)

An agency determination must be upheld even if the reviewing court would have reached a contrary decision, as long as the determination was rational. The determination to be made here was peculiarly within the Authority's area of experience, and it clearly did not act arbitrarily. Thus, the judicial inquiry is at an end. Concur—Sandler, J. P., Sullivan, Rosenberger, Ellerin and Wallach, JJ.