■ In the Matter of M.D.B. BAGELS, INC., Respondent, v NEW YORK STATE LIQUOR AUTHORITY, Appellant.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent New York State Liquor Authority, dated July 28, 1988, which denied the petitioner's application for an off-premises beer license, the appeal is from a judgment of the Supreme Court, Richmond County (Sangiorgio, J.), entered April 26, 1989, which directed that the matter be remitted to the New York State Liquor Authority for approval of the application and imposition of a penalty not exceeding a $1,000 fine and a one-month suspension.

Ordered that the judgment is reversed, on the law, with costs, the determination is confirmed and the proceeding is dismissed.

An administrative determination must be upheld even if the reviewing court might have reached a contrary decision, as long as the determination is rational. Upon a review of the record, we find that the denial by the New York State Liquor Authority (hereinafter the Authority) of the petitioner's application for an off-premises beer license *(see,* Alcoholic Beverage Control Law § 54) was rational *(see, Matter of Wager v State Liq. Auth.,* 4 NY2d 465; *Matter of Benidor Rest. v New York State Liq. Auth.,* 127 AD2d 534). The denial was based upon admitted violations of the Alcoholic Beverage Control Law, as well as a determination by the Authority that the petitioner failed to accurately divulge the identity of the proposed licensee. In light of the fact that it lies solely within the

Authority's expertise to ascertain the identity of the real parties in interest *(see, Matter of Benidor Rest. v New York State Liq. Auth., supra; Matter of Mar-Jear Rest. Corp. v New York State Liq. Auth.,* 31 AD2d 741), and since there is no indication that the Authority acted arbitrarily, the determination is confirmed. Bracken, J. P., Lawrence, Harwood and Balletta, JJ., concur.