■ In the Matter of BLAKE BUSINESS SCHOOL, INC., Respondent, v THOMAS SOBOL, as Commissioner of Education of the State of New York, Appellant.—Mikoll, J. Appeal from a judgment of the Supreme Court (Cobb, J.), entered September 13, 1990 in Albany County, which partially granted petitioner's application, in a proceeding pursuant to CPLR article 78, to, *inter alia,* annul a determination of respondent denying petitioner's application for registration of a business school.

The issue in this case is whether Supreme Court properly held that respondent's determination denying petitioner's application for a license to operate a business school was arbitrary and capricious and the penalty imposed so excessive as to shock the conscience of the court.

After petitioner had submitted an application to register and operate a business school in Kings County, respondent found that petitioner violated Education Law former § 5002 (1) in that it enrolled and recruited students when it had not yet been registered by the Department of Education. Petitioner was also found to be in violation of 8 NYCRR former 126.2 (a) (2) by enrolling and recruiting students by assuring them employment. Upon respondent's denial of petitioner's application, petitioner commenced this CPLR article 78 proceeding to annul the determination and sought damages. Supreme Court determined that the denial of the license was arbitrary and capricious and that an administrative hearing should have been held before an adjudication was made. The court also found that the penalty imposed was shockingly unfair in view of respondent's prior differing treatment of like violations committed at petitioner's licensed school facility in New York

County, and in view of the heavy financial investment incurred by petitioner in setting up the facility and the benefit accruing to students by the location of the school in Kings County. Petitioner's claim for damages was dismissed. This appeal by respondent ensued.

"The law is well settled that a licensing authority has discretion to deny a license application for good cause" *(Matter of Berger v Leach,* 103 AD2d 1018). A court may not substitute its judgment for that of the board or body it reviews unless the decision under review is arbitrary and an abuse of discretion *(Matter of Pell v Board of Educ.,* 34 NY2d 222). The agency decision "must be upheld even if the reviewing court would have reached a contrary decision" *(Matter of Benidor Rest. v New York State Liq. Auth.,* 127 AD2d 534, 537, *lv denied* 70 NY2d 602).

Proprietary business schools must be licensed by the Department (Education Law § 5002 [1]; 8 NYCRR 126.10). It is not disputed that petitioner operated its school without a license and enticed students to enroll with promises of employment, practices which are in violation of law and promulgated rules. These violations continued despite the Department's repeated orders to desist. As Supreme Court noted, the uncontroverted facts gave respondent a rational basis for determining that petitioner had violated the law. Having so found, the court was obligated to defer to respondent's determination *(see, Matter of Benidor Rest. v New York State Liq. Auth., supra,* at 537); therefore, Supreme Court erred in determining that respondent's determination was arbitrary and capricious.

We note that Supreme Court was incorrect in its assumption that petitioner was entitled to a hearing prior to denial of its license application. Such a hearing is required only in disciplining a licensed school (Education Law former § 5003 [4], [5]) or in revoking a previously issued license *(see,* 8 NYCRR 126.14 [b] [2]). Although no hearing was held, petitioner was given a fair opportunity to refute the Department's findings, which it failed to do. The record amply supports respondent's determination.

We also find no reason to disturb respondent's determination on the basis that respondent treated petitioner's licensed facility in New York County for like violations merely with warnings. Due process concerns are implicated in disciplining a licensed facility which vary substantially from the procedure involved in handling a licensing application *(compare,* Educa-

tion Law former § 5001 [1], [3], *with* Education Law former § 5003 [4]). We find that Supreme Court's designation of petitioner's violations as minor to be an improper substitution of its judgment for that of respondent.

The other contentions raised by petitioner are found to be without merit and we decline to address them.

Mahoney, P. J., Yesawich Jr. and Mercure, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as partially granted the petition and annulled respondent's determination; determination confirmed and petition dismissed; and, as so modified, affirmed.