Andrew J. Levitt, Esq. Informal Opinion Assistant Town Attorney No. 96-25 Town of Huntington 100 Main Street Huntington, New York 11743-6991
Dear Mr. Levitt:
You have requested our opinion regarding the appropriate procedure for abandoning a paper street on a filed map. During a telephone conference and in a subsequent letter, you further defined your inquiry. You inquire as to what standards and conditions apply to abandon a paper street under section 335(3) of the Real Property Law and request that we define the role of any town officials involved in approval of the abandonment under that section. Further, you ask whether your town may enforce a fee schedule for such abandonments, and under what conditions section 205
of the Highway Law will apply.
Section 335 of the Real Property Law governs the filing of maps and the abandonment of subdivisions in Suffolk County. It requires that an owner in that county of real property which is subdivided for the purpose of sale file a map of the subdivision in the county clerk's office. Real Property Law § 335(1). Section 335(3) allows an owner[1] to abandon a mapped subdivision once a minimum of two years has passed since the filing date. Id., § 335(3). To do so, the owner must record a written certificate of abandonment in the office of the county clerk. Id.This certificate must (1) be duly executed and acknowledged; (2) contain a description of the property to be abandoned; (3) contain the complete title or name of the map; and (4) list the subdivision's file date and file number. Id.
No opened or proposed street or any portion thereof may be abandoned unless each owner of a lot or interest in the subdivision consents to the abandonment through a duly executed instrument. These instruments must be recorded along with the certificate of abandonment. However, consent is not required if (1) the opened or proposed street to be abandoned is entirely within the bounds of the property to be abandoned, or (2) the opened or proposed street terminates in a dead-end within the bounds of the property to be abandoned. Id.
Section 335(3) also permits an owner to abandon any streets or portions thereof without the consent of each person or corporation owning a lot or interest in the subdivision if: a minimum of twenty years has elapsed since the filing of the map and the streets are not opened or public highways, used by the public, or necessary for the use of owners, occupants, or any other persons having an interest in any part of the subdivision. Id.
This process must be repeated for each filed map, if more than one exists. Id.Note also that the Suffolk County Board of Supervisors is expressly exempted from the above requirements. Id.The county may abandon any subdivision or portion thereof owned or acquired through the sale of tax liens. To do so, the county board must simply execute and file a certificate of abandonment with the county clerk's office. Id.
With regard to the role of town officials, section 335(3) states, in pertinent part:
 A copy of each certificate of abandonment must be filed with the assessor and/or board of assessors of each town and village wherein any portion of the property to be abandoned is situated, and the endorsement of approval by each such assessor and/or board of assessors must be endorsed on the original of each certificate presented to the county clerk for recording. An abstract of title to the property to be abandoned covering a period of at least twenty years last past, and a certificate of the county treasurer of Suffolk county to the effect that there are no unpaid tax liens against such property, must be submitted to the county clerk and be approved by him at the time the certificate of abandonment and cancellation is offered for recording. Said certificates and abstracts shall be filed in the county clerk's office, a suitable index shall be kept of the same, and notice thereof shall be endorsed by the recording officer upon the map therein referred to at the time of recording the certificate of abandonment. Where the endorsement of approval of the town or village assessor above referred to includes a recitation to the effect that the municipality has duly adopted an urban renewal plan pursuant to article fifteen of the general municipal law which plan provides for adequate street access to all properties within and adjacent to the planning area, and further that the property to be abandoned is subject to said plan, and its abandonment is required thereunder, the clerk shall accept and record the certificate of abandonment tendered therefor regardless of the area thereof, and notwithstanding that the property to be abandoned is a portion of an opened or proposed street for which the consent to the abandonment thereof required in this subdivision has not been obtained. Id., § 335(3). Emphasis added.
Under section 335(3), the certificate of abandonment must reflect the endorsement of approval of each town and village assessor or board of assessors in any town and village where any portion of the property to be abandoned is located. In our view, the endorsement of approval is not a mere ministerial act. "Approval" implies knowledge and exercise of discretion based upon that knowledge. Sesto v. Mielke, 28 Misc.2d 228,230 (Sup Ct Suffolk Co 1961). The Legislature did not intend that the party seeking abandonment be the final arbiter as to whether statutory conditions have been met. Id."To the contrary, it placed that responsibility with the assessor". Id.The courts will not interfere with the exercise of discretion conferred upon a public officer by law unless it is arbitrary, capricious, unreasonable, or illegal. Id.
In Sesto, supra, 28 Misc.2d 228, the village assessor exercised discretion and refused to consent to a proposed abandonment. Twenty years had passed since the filing of the map and, therefore, under the statute the owners could abandon streets or any parts thereof without consent of the other owners of lots or interests in the subdivision provided that, among other conditions, the streets were not "necessary for the use of owners, occupants or any other persons having an interest in any part of the subdivision". The village assessor exercised discretion, finding that the proposed street was necessary for use by owners and others having an interest in the subdivision. Id.The village assessor found that a large proportion of village residents resided within the boundaries of the two subdivision maps and that the village had included the proposed street in its drainage and grade planning. Id.The petitioners did not prove that the assessor's refusal to approve the proposed abandonment was in any way an abuse of discretion. Id.Therefore, the court upheld an exercise of discretion by the village assessor, refusing to invalidate the assessor's finding that statutory conditions were not met. In answer to your question, the town and village assessors may exercise their judgment as to whether or not the statutory conditions for an abandonment under section 335(3) have been met.
Regarding your question about fees, section 335 states that "[t]he fee of the county clerk for such filing and indexing each certificate and abstract therewith shall be ten dollars and shall be paid by the party presenting them for filing". Therefore, the fee for abandonment is set by State law and is payable to the county clerk. No fee is authorized for town officials.
With regard to your question concerning the applicability of Highway Law § 205, please see the opinions we have enclosed. Op Atty Gen (Inf) Nos. 94-15, 93-17, 86-71; 1980 Op Atty Gen (Inf) 102; 1960 Op Atty Gen (Inf) 112; 1945 Op Atty Gen (Inf) 31.
We conclude that under section 335(3) of the Real Property Law, the town and village assessor or board of assessors in each town and village wherein any property to be abandoned is situated must approve a certificate of abandonment filed with the county clerk. Approval is an exercise of discretion as to whether the standards and conditions for abandonment under Real Property Law § 335(3) have been met. It is not a mere ministerial act.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Sincerely,
JOSEPH CONWAY, Assistant Attorney General
[1] "[T]he owner of such tract, or of any part thereof having an area equivalent to that of any two or more contiguous lots or an area of not less than one-half acre". Real Property Law § 335(3).