■ In the Matter of RICHARD ROSSI, Respondent, v TRUSTEES OF VILLAGE OF BELLPORT, Appellants. [880 NYS2d 499]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Trustees of the Village of Bellport dated

September 24, 2007, which terminated the petitioner's boat berth permit, and in the nature of mandamus to compel the Trustees of the Village of Bellport to reinstate and renew the petitioner's boat berth permit, the Trustees of the Village of Bellport appeal from a judgment of the Supreme Court, Suffolk County (Sgroi, J.), dated April 29, 2008, which granted the petition, annulled the determination, and directed them to reinstate the petitioner's boat berth permit.

Ordered that the judgment is reversed, on the law, with costs, the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits.

Since the actions of the Trustees of the Village of Bellport were the result of their exercise of discretion, mandamus to compel does not lie (*see Matter of Brusco v Braun*, 84 NY2d 674, 679 [1994]; *see also Matter of Hamptons Hosp. & Med. Ctr. v Moore*, 52 NY2d 88, 96 [1981]; *Matter of Davis v Pomeroy*, 283 AD2d 874, 875 [2001]).

Further, since the determination of the Trustees of the Village of Bellport was rendered without an evidentiary hearing, the application of the substantial evidence standard of review by the Supreme Court was improper (*see e.g. Matter of Scherbyn v Wayne-Finger Lakes Bd. of Coop. Educ. Servs.*, 77 NY2d 753, 757-758 [1991]; *see generally* Siegel, NY Prac § 560, at 964-965 [4th ed]).

The proper standard here is whether the determination under review was arbitrary, capricious, or irrational. The petitioner was told that his boat permit would be revoked if he did not pay, by August 15, 2007, money owed as a result of damage caused by his boat. Since the petitioner did not pay the money, the determination to terminate the petitioner's boat berth permit was not arbitrary, capricious, or irrational (*see Matter of Blake Bus. School v Sobol*, 176 AD2d 1139 [1991]).

The petitioner's remaining contentions are without merit. Mastro, J.P., Skelos, Dickerson and Lott, JJ., concur.