In the Matter of COALITION TO SAVE CEDAR HILL et al., Appellants, v PLANNING BOARD OF INCORPORATED VILLAGE OF PORT JEFFERSON et al., Respondents. [891 NYS2d 116]—

On or about August 5, 2005 Liberty Meadows, LLC, submitted an application for approval of a preliminary subdivision map to the Planning Board of the Incorporated Village of Port Jefferson (hereinafter the Planning Board). On March 9, 2006 the Planning Board adopted a negative declaration pursuant to the

State Environmental Quality Review Act (hereinafter SEQRA [ECL art 8]) (*see* 6 NYCRR 617.7), finding that the proposed subdivision would not have a significant impact on the environment. On March 28, 2006 the Planning Board adopted a resolution conditionally approving the preliminary subdivision map. The preliminary subdivision map, as conditionally approved by the Planning Board, proposed the use of drainage structures known as leaching pools that have a three-inch rainfall capacity.

On or about April 27, 2006 the petitioner Coalition to Save Cedar Hill (hereinafter the Coalition) and several individuals, including some of the individual petitioners herein, commenced a hybrid action and proceeding pursuant to CPLR article 78, inter alia, to review the Planning Board's March 28, 2006 resolution conditionally approving the preliminary subdivision map. The Supreme Court dismissed the hybrid action and proceeding, based on the petitioners' failure to timely serve certain necessary parties, and this Court affirmed, with the exception of one cause of action not relevant to this appeal (*see Matter of Coalition to Save Cedar Hill v Planning Bd. of Inc. Vil. of Port Jefferson,* 51 AD3d 666 [2008]).

Thereafter, on December 14, 2006 the Planning Board adopted a resolution conditionally approving the final subdivision map. The final subdivision map, like the preliminary subdivision map, proposed the use of leaching pools that would have a three-inch rainfall capacity.

On or about January 12, 2007 the petitioners commenced a proceeding pursuant CPLR article 78 to review the determination in the Planning Board's December 14, 2006 resolution conditionally approving the final subdivision map, and for related relief. The Supreme Court rendered a judgment dated April 2, 2008 annulling that determination, based on its finding that the Planning Board violated the Code of the Village of Port Jefferson § 220-12 (hereinafter the Village Code) by failing to enter upon its records the reason or reasons for its determination, in effect, to waive the provision of Village Code § 220-27 (F) (1), which requires the use of a stormwater recharge basin for drainage purposes where, as here, the property proposed for subdivision includes a tributary area of eight acres or more (*see* Village Code § 220-27 [F] [1]; *see also* Village Code §§ 220-12, 220-19). The Supreme Court remitted the matter to the Planning Board with a direction, in effect, that, prior to making a new determination regarding the final subdivision map, it enter upon its records the reason or reasons for its determination to waive the stormwater recharge basin requirement of Village Code § 220-27 (F) (1).

In accordance with the judgment dated April 2, 2008, the Planning Board adopted a resolution dated July 24, 2008 which is the subject of the instant appeal, in which it set forth the reasons for its determination to waive the stormwater recharge basin requirement of Village Code § 220-27 (F) (1), and conditionally approved the final subdivision map. The petitioners then commenced the instant proceeding pursuant to CPLR article 78 to review the determination in the Planning Board's July 24, 2008 resolution conditionally approving the final subdivision map, and for related relief.

Contrary to the petitioners' contention, although the Supreme Court incorrectly relied on the doctrine of law of the case, the court properly denied those branches of the petition which were to annul the determination based on the Planning Board's failure to enter upon its records the reason or reasons for its determination to waive certain of the drainage system design and size requirements of Village Code § 220-27 (B), (F) (2). The design of the drainage system was fixed by the approval of the preliminary subdivision map, and thus the petitioners' cause of action based upon the Planning Board's failure to enter upon its records the reason or reasons for its determination to waive certain of the drainage system design and size requirements of Village Code § 220-27 (B), (F) (2), could have been raised in the initial hybrid action and proceeding that was largely dismissed (*see Matter of Long Is. Pine Barrens Socy. v Planning Bd. of Town of Brookhaven*, 78 NY2d 608, 612 [1991]; *see also* Village Code § 220-12). Under such circumstances, those branches of the petition which were, in effect, to annul the determination based on the Planning Board's initial failure in this regard, are precluded by the doctrine of res judicata (*see Ciancimino v Town of E. Hampton*, 266 AD2d 331, 332 [1999]), and were thus properly denied.

In addition, the Supreme Court properly denied, on the merits, those branches of the petition which were to annul the determination based on the Planning Board's waiver of the stormwater recharge basin requirement of Village Code § 220-27 (F) (1), and for related relief. The Planning Board's determination to waive the stormwater recharge basin requirement of Code § 220-27 (F) (1) had a rational basis that is articulated in the challenged resolution and, as such, was not arbitrary and capricious.

Notwithstanding its incorrect reliance on the law of the case doctrine, the Supreme Court also properly denied those branches of the petition which were to annul the determination based on the Planning Board's issuance of a negative declara-

tion, and for related relief. To the extent those branches of the petition were predicated on the Planning Board's earlier failure to enter upon its records the reason or reasons for its waiver of certain of the drainage system design and size requirements of Village Code § 220-27 (B), (F) (2), the petitioners could have raised such a claim in the hybrid action and proceeding that was largely dismissed. As such, that claim is barred by the doctrine of res judicata. Moreover, although the petitioners also challenge the Planning Board's failure to rescind the negative declaration prior to waiving the stormwater recharge basin requirement, since the waiver of that requirement had a rational basis, it cannot be said that the Planning Board's failure or refusal to rescind the negative declaration and reopen environmental review pursuant to SEQRA before ruling on the propriety of the waiver was arbitrary and capricious or an abuse of discretion.

Based on the foregoing, the Supreme Court properly denied those branches of the petition which were to annul the resolution on the grounds asserted in the first and third causes of action in the petition, and for related relief, and properly dismissed that portion of the proceeding. Fisher, J.P., Angiolillo, Eng and Lott, JJ., concur.