In the Matter of JEFFREY J. IGNACZAK et al., Respondents, v JAMES RYAN, Assessor of Town of Brookhaven, et al., Appellants. [912 NYS2d 658]—

In a proceeding pursuant to CPLR article 78, in effect, to review a determination of James Ryan, Assessor of the Town of Brookhaven, dated October 1, 2008, denying the petitioners' request for approval of a certificate of abandonment of a designated portion of land on a subdivision map pursuant to Real Property Law § 335 (3), the appeal is from a judgment of the Supreme Court, Suffolk County (Tanenbaum, J.), dated December 4, 2009, which, in effect, granted the petition, annulled the determination, and directed James Ryan, Assessor of the Town of Brookhaven, to approve the certificate of abandonment.

Ordered that the judgment is affirmed, with costs.

Real Property Law § 335 (3) permits the abandonment of a subdivision or portion thereof, such as a so-called "paper" street, by the owner of the land to be abandoned "without [the] consent" of other landowners in the subdivision, provided that 20 years or more have elapsed since the subdivision map was filed and "such streets or portions thereof are neither opened, nor public highways, nor used by the public, nor necessary for the use of owners, occupants or any other persons having an interest in any part of the subdivision" (Real Property Law

§ 335 [3]; *see DeMato v Mallin*, 68 AD3d 711 [2009]). "A copy of each certificate of abandonment must be filed with the assessor and/or board of assessors of each town and village wherein any portion of the property to be abandoned is situated, and the endorsement of approval by each such assessor and/or board of assessors must be endorsed on the original of each certificate presented to the county clerk for recording" (Real Property Law § 335 [3]).

The petitioners are neighboring landowners in a subdivision in the Town of Brookhaven. The subdivision map, which was filed in 1911, contains a "paper" street known as Allyn Street, a portion of which separates the petitioners' respective lots and dead-ends at a vacant lot. This portion of Allyn Street (hereinafter the Street) is an unimproved dirt path which is not maintained by or dedicated to the Town.

In January 2005 the Town's Superintendent of Highways (hereinafter the Superintendent) advised the petitioner Jeffrey J. Ignaczak that the Highway Department's engineering staff had reviewed the status of the Street and determined "that access to this area is sufficient using presently paved roads." The Superintendent suggested that Ignaczak and "the other property owners" consider applying for an abandonment of the Street. Thereafter, the petitioners applied to James Ryan, the Assessor of the Town of Brookhaven (hereinafter the Assessor) for approval of a certificate of abandonment of the Street. In a letter dated October 1, 2008, the Assessor denied their request on the ground that the "Highway Department feels it is not in the best interest of the [T]own to abandon the street at this time."

The petitioners commenced this CPLR article 78 proceeding, in effect, to review the Assessor's determination denying the request for approval of the certificate of abandonment, arguing that the Assessor's determination was arbitrary and capricious. The Supreme Court granted the petition, and we affirm.

The standard of review applicable to the Assessor's determination denying the petitioner's request for approval of the certificate of abandonment, which was rendered without an evidentiary hearing, is whether the determination was arbitrary and capricious, irrational, or affected by an error of law (*see* CPLR 7803 [3]; *Matter of Scherbyn v Wayne-Finger Lakes Bd. of Coop. Educ. Servs.*, 77 NY2d 753, 757-758 [1991]; *Matter of Rossi v Trustees of Vil. of Bellport*, 63 AD3d 846, 847 [2009]). "It is the settled rule that judicial review of an administrative determination is limited to the grounds invoked by the agency" (*Matter of Scherbyn v Wayne-Finger Lakes Bd. of Coop. Educ. Servs.*, 77 NY2d at 758).

Here, in opposition to the petition, the Assessor and the Superintendent proffered several Town planning and land use documents which purportedly reflected the Town's interest in preserving the Street, and they argued that those documents provided a rational basis for opposing abandonment. However, the Assessor did not invoke those documents as a basis for his determination in his letter denying the petitioners' request (*id.*). Moreover, virtually all of those documents either predated the Superintendent's January 2005 suggestion that the petitioners apply for an abandonment of the Street or postdated the Assessor's October 2008 determination (*cf. Matter of Sesto v Mielke*, 28 Misc 2d 228, 229-230 [1961]). Accordingly, the Supreme Court properly concluded that the Assessor's denial of the petitioners' request for approval of the certificate of abandonment was arbitrary and capricious. Skelos, J.P., Covello, Balkin and Sgroi, JJ., concur.