Matter of WB Kirby Hill, LLC v Incorporated Vil. of Muttontown (2019 NY Slip Op 06778)





Matter of WB Kirby Hill, LLC v Incorporated Vil. of Muttontown


2019 NY Slip Op 06778


Decided on September 25, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 25, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY, JJ.


2017-00489
 (Index No. 10774/14)

[*1]In the Matter of WB Kirby Hill, LLC, respondent,
v
Incorporated Village of Muttontown, et al., appellants.


Harris Beach, PLLC, Uniondale, NY (Keith M. Corbett of counsel), for appellants.
Meister Seelig & Fein LLP, New York, NY (Stephen B. Meister and Michael B. Sloan of counsel), for respondent.



DECISION & ORDER
In a hybrid proceeding pursuant to CPLR article 78 and action for declaratory relief, the respondents/defendants appeal from a judgment of the Supreme Court, Nassau County (Karen V. Murphy, J.), entered June 13, 2016. The judgment, upon an order of the same court dated April 12, 2016, (1) granted the second amended petition, (2) annulled the determination of the respondent/defendant Board of Trustees of the Incorporated Village of Muttontown dated July 9, 2014, which approved a decision of the respondent/defendant Planning Board of the Incorporated Village of Muttontown dated May 12, 2014, made upon remittal from the Supreme Court, Nassau County, reducing a performance bond in the sum of $3,126,524 to the sum of $1,911,557, (3) remitted the matter to the respondent/defendant Planning Board of the Incorporated Village of Muttontown for further proceedings in accordance therewith, and (4) declared that the petitioner/plaintiff is not responsible for any further fees or costs related to the discharge of the performance bond.
ORDERED that the judgment is modified, on the law, by deleting the provision thereof declaring that the petitioner/plaintiff is not responsible for any further fees or costs related to the discharge of the performance bond, and substituting therefor a provision declaring that the petitioner/plaintiff is responsible for fees or costs in connection with the discharge of the performance bond as permitted by law; as so modified, the judgment is affirmed, without costs or disbursements, and the order is modified accordingly.
In 2004, the respondent/defendant Planning Board of the Incorporated Village of Muttontown (hereinafter the Planning Board) approved the application of the petitioner/plaintiff, WB Kirby Hill LLC (hereinafter the petitioner), for subdivision plat approval provided, inter alia, that the petitioner post a performance bond in the sum of $14,000,565 for the completion of certain public improvements. In 2008, the amount of the performance bond was reduced to $7,215,059.
Upon the petitioner's application for discharge of the performance bond, in a decision dated September 19, 2012, the Planning Board recommended that the amount of the performance bond be reduced to $3,126,524. This amount included the costs of 3 uncompleted public improvements, as well as 10% of the costs of 28 completed public improvements. In a determination [*2]dated November 13, 2012, the respondent/defendant Board of Trustees of the Incorporated Village of Muttontown (hereinafter the Board of Trustees) approved the Planning Board's decision. In March 2013, the petitioner commenced a proceeding pursuant to CPLR article 78 seeking to review the determination. In a judgment dated December 6, 2013, the Supreme Court granted the petition, annulled the determination, finding that there was no rational basis to include completed items in calculating the amount by which the performance bond should be reduced, and remitted the matter to the Planning Board for reconsideration of the amount by which to reduce the performance bond.
In a decision dated May 12, 2014, after a hearing, the Planning Board recommended that the amount of the performance bond be reduced to $1,911,557. This amount included the costs of 4 uncompleted public improvements, as well as 10% of the costs of 12 completed public improvements. In a determination dated July 9, 2014, the Board of Trustees approved the Planning Board's decision.
In November 2014, the petitioner commenced the instant hybrid proceeding pursuant to CPLR article 78 and action for declaratory relief against the Incorporated Village of Muttontown, the Board of Trustees and the Planning Board (hereinafter collectively the Village respondents). In an order dated April 12, 2016, the Supreme Court granted the second amended petition, annulled the determination on the ground that it failed to comply with the December 6, 2013, judgment, and remitted the matter to the Planning Board to determine the amount of the performance bond, which amount was to include only the costs to complete the public improvements. Additionally, the court determined that the Village respondents were not entitled to further fees from the petitioner in connection with the discharge of the performance bond. The Village respondents appeal from the judgment subsequently entered upon the order.
We agree with the Supreme Court's determination to grant the second amended petition and to annul the determination of the Board of Trustees (see CPLR 7803[3]; Matter of Scherbyn v Wayne-Finger Lakes Bd. of Coop. Educ. Servs., 77 NY2d 753, 758; Matter of Glyka Trans, LLC v City of New York, 161 AD3d 735, 740; Matter of Rossi v Trustees of Vil. of Bellport, 63 AD3d 846, 847). The Village respondents were barred by the doctrines of res judicata and collateral estoppel from relitigating whether the costs of completed items could be included in the amount by which the performance bond should be reduced (see Matter of Trump Vil. Apts. One Owner v New York State Div. of Hous. & Community Renewal, 143 AD3d 996, 999; Matter of S & R Dev. Estates, LLC v Feiner, 132 AD3d 772, 774; Matter of Coalition to Save Cedar Hill v Planning Bd. of Inc. Vil. of Port Jefferson, 68 AD3d 764, 766). Further, the court did not exceed its authority in directing specified action by the Village respondents (see CPLR 7806).
However, we do not agree with the Supreme Court's determination declaring that the petitioner is not responsible for any further fees or costs related to the discharge of the performance bond (see Matter of Morgenthau v Erlbaum, 59 NY2d 143, 147-148; Matter of Hyde Park Landing, Ltd. v Town of Hyde Park, 130 AD3d 730, 732). A municipality may charge reasonably necessary fees in conjunction with a subdivision application (see Twin Lakes Dev. Corp. v Town of Monroe, 1 NY3d 98, 108; Jewish Reconstructionist Synagogue of N. Shore v Incorporated Vil. of Roslyn Harbor, 40 NY2d 158, 163; Matter of Landstein v Town of LaGrange, 166 AD3d 100, 108; Matter of Harriman Estates at Aquebogue, LLC v Town of Riverhead, 151 AD3d 854, 856). We express no opinion as to whether the fees charged to the petitioner in connection with the instant application were reasonable.
We decline the petitioner's request to impose sanctions against the Village respondents in connection with this appeal (see 22 NYCRR 130-1.1).
DILLON, J.P., MILLER, HINDS-RADIX and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court