■ In the Matter of NADJA H. GRACA, Doing Business as NADJA'S TAVERN, Appellant-Respondent, v. STATE LIQUOR AUTHORITY, Respondent-Appellant. — Judgment entered January 7, 1969 unanimously reversed, with costs to appellant, and determinations annulled; order entered October 8, 1968 unanimously affirmed, without costs. Memorandum: Petitioner appeals from a judgment of Niagara Special Term dismissing her petition to annul respondent's determination which recalled her liquor license for the year beginning October 1, 1967 and to annul respondent's determination of nonrenewal of her license for the license year 1968–1969. When petitioner applied for renewal of her liquor license for the year beginning October 1, 1967 she signed a renewal stipulation which recited that because the Authority was unable to examine fully and review adequately her application and because delay in issuing it would create hardship to her, she agreed that in the event the Authority should thereafter determine that the license should not have been renewed it could serve a notice of contemplated recall upon her and in proceedings thereon determine whether the license should have been granted. On March 7, 1968 the Authority served a notice of interview on petitioner requesting her to appear for inter-

view in connection with such renewal of her license because of adverse license history in failing to properly display her license; license suspended seven days for consumption during prohibited hours; refusal to permit inspection by police officers who observed persons consuming beverages at 2:54 A.M.; and because the licensee will not or cannot properly operate the premises so as to prevent violations of law from occurring thereon. Respondent determined that the 1967–1968 license be recalled and that the application for a 1968–1969 license be denied. The determination was confirmed by the judgment appealed from. This being a proceeding in the nature of mandamus the standard is not substantiality of evidence but the determination must have a reasonable or rational basis. (*Matter of 125 Bar Corp.* v. *State Liq. Auth.*, 24 N Y 2d 174.) Here the determination is based on findings that petitioner had failed to properly display her license on June 23, 1967 but she co-operated and thereafter displayed it according to the rules; that her license was suspended for seven days on September 28, 1967; and that on August 19 and September 16, 1967 she refused to admit police officers to her premises. In our opinion the evidence before the Authority does not reasonably or rationally support the determination of the Authority and the judgment appealed from should therefore be reversed, the determinations annulled and the matter remanded to the Authority for appropriate proceedings. (Cf. *Matter of 125 Bar Corp.* v. *State Liq. Auth.*, supra; *Matter of Agnello* v. *State Liq. Auth.*, 32 A D 2d 92.) "Petty offenses * * * are insufficient as a matter of law to warrant a denial of a license." (*Matter of Playdium* v. *O'Connell*, 276 App. Div. 14, 16, affd. 301 N. Y. 538; *Matter of Ilsa Wine & Liq. Corp.* v. *O'Connell*, 271 App. Div. 58.) (Appeal from judgment of Niagara Special Term dismissing petition; also cross appeals from order of Erie Special Term remanding proceeding.) Present — Goldman, P. J., Del Vecchio, Gabrielli, Moule and Henry, JJ.