OPINION OF THE COURT
Memorandum.
The judgment of the Appellate Division, insofar as appealed from, should be reversed, with costs, particular "F” of the charges against petitioner dismissed as time barred, and the matter remitted to the Board of Education for reconsideration of the penalty for excessive lateness.
Petitioner, a tenured teacher, brought a motion to dismiss the charges preferred against him by respondent school dis *999 trict on the ground that they were barred by the six-month limitation period in Education Law § 2590-j (7) (c). The statute states, in pertinent part, "[n]o charges shall be brought more than six months after the occurrence of * * * the alleged incompetency or misconduct except where the charge is of misconduct constituting a crime when committed” (emphasis added). Respondents opposed the motion, contending that the facts alleged in the six particulars comprising the charge, if proved, constituted the crime of assault in the second degree as well as the lesser included offense of assault in the third degree.
After a hearing pursuant to Education Law § 3020-a, the three-member panel dismissed the first five particulars as time barred. It sustained the sixth particular, which alleged that petitioner kicked a student in the leg causing him substantial pain, on the ground that the allegations therein, if proven, constituted the crime of assault in the third degree and, therefore, was not barred by the six-month Statute of Limitations. At a subsequent hearing, an excessive lateness charge was consolidated with the sixth particular and, after hearing, a three-member panel determined that respondents had proven their case on both charges and recommended that petitioner be dismissed. The school district voted unanimously to implement the recommendation and petitioner was terminated from the employment of the school district.
Petitioner commenced this proceeding contending that the school district, when attempting to invoke the exception to the six-month Statute of Limitations period in Education Law § 2590-j (7) (c), has the burden of proving each element of the "crime”, which his act allegedly constituted, as those elements are defined by the Penal .Law. We agree.
In Matter of Bott v Board of Educ. (41 NY2d 265, 268), we noted that "disciplinary charges against teachers are not criminal proceedings” and observed that the primary function of the disciplinary proceeding is to determine the fitness of the subject teacher to continue on in their professional responsibilities. Therefore, we held that the excessive use of force against schoolchildren by a teacher may form the basis for disciplining the teacher even where the force employed is not sufficient to constitute a crime (Matter of Bott v Board of Educ., supra, at 268). Nothing in Matter of Bott, however, indicates that Penal Law definitions do not apply to the limitations exception provision found in Education Law § 2590-j (7) (c).
*1000 Education Law § 2590-j (7) (c) states that a complaint can be brought after the normal six-month Statute of Limitations period only "where the charge is of misconduct constituting a crime when committed” (emphasis added). Under settled rules of construction, words having a "precise and well settled legal meaning in the jurisprudence of the state” are to be understood in such sense when used in statutes, unless a different meaning is plainly indicated (Matter of Moran Towing & Transp. Co. v New York State Tax Commn., 72 NY2d 166, 173; McKinney’s Cons Laws of NY, Book 1, Statutes § 233). The term "crime” has a precise and well-settled meaning in the Penal Law. (see, Penal Law § 10.00 [6]) and, therefore, the exception to the six-month Statute of Limitations in Education Law § 2590-j (7) (c) should only apply when the specific facts alleged in the charge, if proven by a preponderance of the evidence, constitute a crime under our Penal Law. In addition, while the evidentiary standards of "beyond a reasonable doubt” imposed in a criminal trial are not applicable in this civil context (see, Matter of Bott v Board of Educ., supra, at 268), requiring proof of the basic elements of a particular crime to invoke Education Law § 2590-j (7) (c)’s extended Statute of Limitations is necessary to provide certainty to Education Law proceedings and to protect the due process rights of tenured teachers (see, Education Law §§ 3020, 3020-a).
Respondents initially alleged that petitioner’s acts constituted assault in the second degree or the lesser included offense of assault in the third degree. The Department of Education panel found that petitioner’s acts constituted the "crime” of assault in the third degree, rejecting petitioner’s claim that the Statute of Limitations in Education Law § 2590-j (7) (c) barred the charges. Before this court, respondents concede that the panel erroneously concluded that petitioner’s acts constituted assault in the third degree because there was no proof of "physical injury” (Penal Law § 120.00) but claim that the proof adduced at the hearing established that petitioner’s acts constituted the "crime” of reckless endangerment in the second degree (Penal Law § 120.20) and accordingly they were entitled to the exception to the six-month Statute of Limitations period. Judicial review of an administrative determination is limited to the grounds invoked by the agency (see, Matter of Parkmed Assocs. v New York State Tax Commn., 60 NY2d 935, 936). We may not sustain the determination by substituting a more appropriate *1001 basis now asserted by the Board to satisfy the exception to the Statute of Limitations in Education Law § 2590-j (7) (c) (id.). Consequently, the sixth particular should be dismissed as time barred and the matter remitted for a reconsideration of the penalty as to the lateness charge.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur in memorandum.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), judgment, insofar as appealed from, reversed, etc.