■ In the Matter of BETSY V. SCHERBYN, Appellant, v WAYNE-FINGER LAKES BOARD OF COOPERATIVE EDUCATIONAL SERVICES et al., Respondents.—Order and judgment unanimously affirmed without costs. Memorandum: We affirm for the reasons stated in the decision of Supreme Court (Henry, Jr., J.). We add only that the rule that "[j]udicial review of an administrative determination is limited to the grounds invoked by the agency" *(Matter of Aronsky v Board of Educ.,* 75 NY2d 997, 1000) is not applicable here. This action is in the nature of mandamus to compel petitioner's reinstatement to a

position from which she had taken a leave of absence more than one year previously (see, 19 NY Jur 2d, Civil Servants and Other Public Officers and Employees, § 402); it is not a proceeding in the nature of certiorari to review a quasi-judicial determination of a quasi-judicial body following a hearing. The burden of proof in this action in the nature of mandamus is upon petitioner to show that she was entitled to reinstatement. In the answers of both the County Personnel Officer and the employer, it is alleged that petitioner was not entitled to reinstatement because, by operation of the civil service rules, she had resigned from her position. Supreme Court properly decided the issues raised by the answer. Moreover, this proceeding to compel petitioner's reinstatement is not properly directed against the County Personnel Officer because she has no power of appointment and it would be impossible for her to comply with any order directing petitioner's reinstatement (see, Matter of McCraw v Finegan, 243 App Div 778). (Appeal from order and judgment of Supreme Court, Ontario County, Henry, Jr., J.—art 78.) Present—Callahan, J. P., Doerr, Boomer, Green and Balio, JJ.