■ In the Matter of JOBIN WATERPROOFING CORP., Respondent, v NEW YORK STATE HOUSING FINANCE AGENCY et al., Appellants.—Order and judgment (one paper), Supreme Court, New York County (Clifford A. Scott, J.), entered November 2, 1990, which, *inter alia,* granted petitioner's application for a judgment pursuant to CPLR article 78, compelling respondents to sign a change order and effectuate payment, unanimously affirmed, without costs.

Since respondents lacked discretion to refuse to sign the change order after petitioner's appeal was decided by the New York State Housing Finance Agency, mandamus was appropriate to compel them to do so *(Matter of Scherbyn v Wayne-Finger Lakes Bd. of Coop. Educ. Servs.,* 77 NY2d 753). Nor is there merit to respondents' argument that the proceeding should have been brought in the Court of Claims, since petitioner seeks only to enforce ministerial duties and does not assert breach of contract claims *(State Div. of Human Rights v New York State Dept. of Correctional Servs.,* 90 AD2d 51; *compare, Trocom Constr. Corp. v New York State Hous. Fin. Agency,* Index No. 28071/90, Sup Ct, NY County, May 21, 1991). The State respondents' motions to dismiss and to change venue were correctly deemed untimely (CPLR 511, 3211 [e]). In any event, the State respondents submitted to the court's jurisdiction by appearing without objection to venue. Furthermore, venue was proper in New York County (CPLR 502, 506 [b]). Concur—Murphy, P. J., Carro, Milonas, Asch and Kassal, JJ.