■ In the Matter of MINDY SPEICHLER, Respondent, v BOARD OF COOPERATIVE EDUCATIONAL SERVICES, SECOND SUPERVISORY DISTRICT, Appellant. [643 NYS2d 193] —In a proceeding pursuant to CPLR article 78, *inter alia,* to compel the petitioner's reinstatement to her position as a full time teacher on the ground that she was entitled to tenure by estoppel, the appeal is from (1) a judgment of the Supreme Court, Suffolk County (Henry, J.), dated April 11, 1995, which granted the petition and ordered the petitioner reinstated with back pay, and (2) an amended judgment of the same court, dated July 25, 1995, which, among other things, granted the petition and ordered the petitioner reinstated with back pay, from February 1, 1993, to the date of reinstatement, less any income earned in the interim.

Ordered that the appeal from the judgment is dismissed, as that judgment was superseded by the amended judgment; and it is further,

Ordered that the amended judgment is reversed, on the law, the judgment is vacated, and the petition is dismissed; and it is further,

Ordered that the appellant is awarded one bill of costs.

The petitioner, a special education teacher, was given a

probationary teaching appointment by the respondent Board of Cooperative Educational Services, Second Supervisory District (hereinafter BOCES), on December 17, 1990, and was denied tenure and discharged effective December 16, 1993. In the instant proceeding she sought to compel her reinstatement, with tenure, arguing that at the time she was discharged, her probationary period had already expired. The Supreme Court, Suffolk County (Henry, J.), granted her petition, holding, in relevant part, that she was entitled to credit toward her probationary period for time she served as a substitute teacher, and therefore she acquired tenure by estoppel. We disagree.

The instant proceeding is one to compel BOCES to fulfill a nondiscretionary duty to grant the petitioner tenure. Accordingly, the petitioner must have a clear legal right to the relief demanded (see, Matter of Scherbyn v Wayne-Finger Lakes Bd. of Coop. Educ., Servs., 77 NY2d 753, 757). Based upon the evidence in the record, the petitioner did not have a clear legal right to tenure by estoppel.

A teacher may be given a probationary appointment of up to three years, during which time he or she may be dismissed without cause (see, Education Law § 2509). The Jarema Act (see, Education Law § 2509 [1] [a]) provides that a teacher's statutory three-year probationary period may be reduced by up to two years if regular substitute service was rendered for a full term or more prior to the teacher's probationary appointment (see, Education Law § 2509 [1] [a]; Matter of Lifson v Board of Educ., 66 NY2d 896).

"[S]ervice as a regular substitute," for purposes of Education Law § 2509 (1) (a), contemplates the replacement of a probationary or permanent teacher for a definite period (see, Matter of Ducey, 65 NY St Dept Rep 65), as distinguished from an indeterminate period (see, Matter of Czajkowski, 34 Ed Dept Rep 589, 592). In the instant case, the petitioner replaced a teacher who had been reassigned for an indeterminate period of time. Therefore, her service as a per diem substitute teacher was not the equivalent of service as a regular substitute teacher (see, Matter of Waterman, 13 Ed Dept Rep 68; Matter of Artale, 13 Ed Dept Rep 84).

Accordingly, the petitioner did not serve as a regular substitute teacher for one full term prior to her probationary appointment, and she is not entitled to "Jarema" credit or tenure by estoppel. Thompson, J. P., Altman, Goldstein and McGinity, JJ., concur.