OPINION OF THE COURT
Julius Vinik, J.
*175 Respondent moves to reargue the portion of this court’s order dated October 17, 1996 which, pursuant to a Freedom of Information Law (Public Officers Law § 84 et seq. [FOIL]) request, directed the respondent to supply petitioner with the Grand Jury testimony of the witnesses who testified against petitioner at his criminal trial.
In determining this motion, the court has considered respondent’s motion and exhibits, and petitioner’s affirmation in opposition and exhibits.
BACKGROUND
Following a criminal conviction upon a jury trial, petitioner requested various documents from respondent. Among these requests were the Grand Jury testimony of all witnesses who testified against petitioner. Upon petitioner’s initial request and upon his agency appeal, respondent denied the request on the ground of Grand Jury secrecy. In the answer to petitioner’s CPLR article 78 petition, respondent, for the first time, raised the additional ground that Grand Jury minutes are court records.
In an order dated October 17, 1996, the court refused to consider respondent’s claim that Grand Jury minutes are court records, not agency records, because respondent had not invoked such a ground for denying petitioner’s request as part of the administrative proceeding. In reaching this conclusion, the court relied upon Matter of Parkmed Assocs. v New York State Tax Commn. (60 NY2d 935, 936). The court proceeded to order release of Grand Jury testimony of witnesses who testified at petitioner’s criminal trial because the Grand Jury minutes had already been disclosed to petitioner, and there was thus no basis for continuing secrecy as to him.
MOTION TO REARGUE
Originally, respondent claimed that a CPLR article 78 action brought to review a denial of a FOIL request is in the nature of a writ of mandamus to review. The respondent now claims that such a CPLR article 78 action is in the nature of a writ of mandamus to compel. Under such a writ, respondent argues that the rule barring an agency from raising a new ground for the first time in court does not apply (see, Matter of Scherbyn v Wayne-Finger Lakes Bd. of Coop. Educ. Servs., 162 AD2d 967, revd on other grounds 77 NY2d 753). Since this court did not consider this argument in reaching its original decision, respondent’s motion for reargument is granted (see, Loland v *176 City of New York, 212 AD2d 674; see also, People v Patrick, 183 NY 52, 53).
The court vacates its prior decision only as it relates to the Grand Jury testimony. This decision is substituted for that portion.
FREEDOM OF INFORMATION LAW
FOIL promotes a policy of open government by presumptively opening the records of government agencies to public access (see, Matter of Gould v New York City Police Dept., 89 NY2d 267, 274-275; Matter of Encore Coll. Bookstores v Auxiliary Serv. Corp. of State Univ. of N. Y., 87 NY2d 410, 416-417; see also, Public Officers Law § 84). In doing so, however, FOIL expressly excludes the judiciary from its definition of an agency subject to the disclosure rules (see, Public Officers Law § 86 [3]; § 87 [2]; see also, Matter of Pasik v State Bd. of Law Examiners, 102 AD2d 395, 399). Agencies covered by FOIL must disclose all records except those covered by specific statutory exceptions (Public Officers Law § 87 [2]; Matter of Gould v New York City Police Dept., supra, 89 NY2d, at 275).
Procedurally, FOIL provides that upon a written request reasonably describing the desired record the agency "shall make such record available to the person requesting it [or] deny such request in writing” (Public Officers Law § 89 [3]). The requester may appeal a denial to the agency’s appeal person who "shall * * * fully explain in writing * * * the reasons for further denial” or provide the record (Public Officers Law § 89 [4] [a]). FOIL provides for judicial review by stating: "Except as provided in subdivision five of this section, a person denied access to a record in an appeal determination under the provisions of paragraph (a) of this subdivision may bring a proceeding for review of such denial pursuant to article seventy-eight of the civil practice law and rules. In the event that access to any record is denied pursuant to the provisions of subdivision two of section eighty-seven of this article, the agency involved shall have the burden of proving that such record falls within the provisions of such subdivision two” (Public Officers Law § 89 [4] [b]).
ARTICLE 78 AND FOIL
CPLR article 78 was adopted in order to provide a uniform procedure for judicial review of government action or inaction formally cognizable under the common-law writs of certiorari, mandamus, and prohibition (Matter of Newbrand v City of *177 Yonkers, 285 NY 164, 174-175; Alexander, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C7801:l, at 25-26). Although article 78 supersedes those common-law writs, it does so in procedure only. A party’s right to relief still depends upon the substantive law of the former writs (see, Matter of Newbrand v City of Yonkers, supra, 285 NY, at 174-175; Siegel, NY Prac § 557, at 870-871 [2d ed]).
Review of a FOIL determination, however, does not fall neatly within any of the traditional writs. Since a FOIL determination is not a judicial-like hearing on a full record, it is not certiorari (see, Matter of Scherbyn v Wayne-Finger Lakes Bd. of Coop. Educ. Servs., 77 NY2d 753, 757, supra). A FOIL petitioner does not seek to prohibit a judicial or quasi-judicial body or official from acting without jurisdiction as under prohibition (see, Matter of McGinley v Hynes, 51 NY2d 116, 122-124). Since an agency must grant access to nonexempt material (see, Matter of Gould v New York City Police Dept., supra, 89 NY2d, at 275) it is not mandamus to review, which examines discretionary acts of agencies in a manner comparable to certiorari (see, Matter of Scherbyn v Wayne-Finger Lakes Bd. of Coop. Educ. Servs., supra, 77 NY2d, at 757-758). Finally, in contrast to mandamus to compel, under which a petitioner must demonstrate a "clear legal right” to the relief requested (supra, at 757; Matter of Association of Surrogates & Supreme Ct. Reporters v Bartlett, 40 NY2d 571, 574), in a FOIL case, the agency bears the burden of proving that the material falls within a statutory exemption (Public Officers Law § 89 [4] [b]; Matter of Gould v New York City Police Dept., supra, 89 NY2d, at 275) and at least an initial burden when it denies disclosure on a ground other than a statutory exemption (see, Matter of Konigsberg v Coughlin, 68 NY2d 245, 249 [agency must establish that description inadequate to locate the record]; Matter of Moore v Santucci, 151 AD2d 677, 678 [burden upon agency to show that request rendered moot]).
Since review of a FOIL determination does not fit into any of the traditional writs, such review has its own substantive law and CPLR article 78 only serves as a procedural mechanism for judicial review. Therefore, precedent that applies the rule limiting judicial review of agency determinations to the grounds invoked by the agency during the administrative proceeding to cases involving mandamus to review and certiorari (see, Matter of Scherbyn v Wayne-Finger Lakes Bd. of Coop. Educ. Servs., supra, 77 NY2d, at 758), or excuses application of the rule to mandamus to compel (Matter of Scherbyn v Wayne- *178 Finger Lakes Bd. of Coop. Educ. Servs., supra, 162 AD2d, at 967), does not necessarily apply to a FOIL case.
Matter of Barry v O’Connell (303 NY 46, 50-51) and Matter of Hickox v Griffin (274 App Div 792, revd on other grounds 298 NY 365) are the earliest New York cases that state that judicial review is limited to the grounds invoked by the agency. Neither case explains the rationale for the rule, but both cite Securities Commn. v Chenery Corp. (332 US 194, 196) (Chenery II) in support. While Chenery II likewise does not explain the rule’s rationale, it is more fully explained in an earlier Supreme Court decision in the same case (see, Securities Commn. v Chenery Corp., 318 US 80, 88 [Chenery I]). In Chenery I, the Court stated: "If an [administrative] order is valid only as a determination of policy or judgment which the agency alone is authorized to make and which it has not made, a judicial judgment cannot be made to do service for an administrative judgment. For purposes of affirming no less than reversing its orders, an appellate court cannot intrude upon the domain which Congress has exclusively entrusted to an administrative agency” (supra).
From this statement, the rationale appears to be that where the Legislature has delegated to an agency the power to make policy or discretionary decisions through an administrative process, a court cannot interfere with such judgment. The administrative process is the means through which the policy may be made or discretion exercised. Thus, it would be improper to allow an agency to supplement a decision that was not made through the administrative process.
In light of this rationale, courts have held that judicial review is not limited to the ground invoked by the agency where the act at issue is not within the exclusive domain of the agency’s authority and does not involve the special expertise of the agency (see, Olmsted Citizens for a Better Community v United States, 793 F2d 201, 208, n 9; North Carolina Commn. of Indian Affairs v United States Dept. of Labor, 725 F2d 238, 240; Association of Bus. Advocating Tariff Equity v Public Serv. Commn., 192 Mich App 19, 480 NW2d 585, 588; see also, Railroad Yardmasters v Harris, 721 F2d 1332, 1338-1339).
For similar reasons, New York courts do not give deference to agency interpretations outside the agency’s specialized domain (see, Matter of Industrial Liaison Comm. v Williams, 72 NY2d 137, 144; Matter of Town of Mamaroneck PBA v New York State Pub. Empl. Relations Bd., 66 NY2d 722, 724). *179 Because the procedures mandated by the State Administrative Procedure Act generally do not involve specialized agency knowledge, courts review compliance with the act de novo (Matter of Industrial Liaison Comm. v Williams, supra).
Compliance with FOIL does not involve a discretionary agency determination (see, Matter of Gould v New York City Police Dept., supra, 89 NY2d, at 275) nor does compliance generally implicate the particular expertise of any agency (see, Matter of Capital Newspapers v Burns, 109 AD2d 92, 94, affd 67 NY2d 562; see also, Matter of Billups v Santucci, 151 AD2d 663, 664 [in camera review appropriate to determine propriety of nondisclosure]). Therefore, the rationale behind the rule limiting court review to the ground invoked by the agency does not apply to FOIL.
Despite the inapplicability of the rationale behind the rule, FOIL requires an agency to give a reason for a denial on both the initial denial and the intra-agency appeal (Public Officers Law § 89 [3], [4] [a]). On the other hand, the FOIL subdivision providing for court review does not expressly limit court review to the ground invoked by the agency (Public Officers Law § 89 [4] [b]).* Reading the subdivisions together, this court finds a statutory preference for an agency to state its reasons for denial, but no jurisdictional bar to a court reviewing a ground raised for the first time before the court.
In fact, the Court of Appeals addressed a ground raised for the first time in the brief before the Court of Appeals when the ground implicated the confidentiality rights of third parties not before the court (see, Matter of Johnson Newspaper Corp. v Stainkamp, 61 NY2d 958, 960; see also, Matter of Grand Jury Subpoena Duces Tecum v Kuriansky, 69 NY2d 232, 238, n). Such a departure from the normal appellate procedure rests upon the public policy protecting the confidentiality rights of third parties who are not normally parties to the proceeding (see, Matter of John P. v Whalen, 54 NY2d 89, 97, n 4).
In this case, the ground raised for the first time before the court is that Grand Jury minutes are court records which are exempt from the ambit of FOIL (Matter of Mullgrav v Santucci, 195 AD2d 786; Matter of Gibson v Grady, 192 AD2d 657; see also, Public Officers Law § 86 [1], [3]). While such a ground does not implicate the confidentiality concerns of third parties, it does implicate the court’s control over its own records.
*180 New York has long recognized that courts have inherent authority over their own records (see, Matter of Crain Communications v Hughes, 74 NY2d 626, 628; Matter of Dorothy D., 49 NY2d 212, 215; Rich-Haven Motor Sales v National Bank, 163 AD2d 288). By explicitly exempting the judiciary from FOIL’S coverage (see, Public Officers Law § 86 [3]; Matter of Pasik v State Bd. of Law Examiners, supra, 102 AD2d, at 399), the Legislature has assured that courts will continue to control their own records. Although such an exemption may not be constitutionally mandated (see, Matter of A. G. Ship Maintenance v Lezek, 69 NY2d 1, 5-6; Cohn v Borchard Affiliations, 25 NY2d 237, 249-252), it is evidently premised on legislative respect for the independence of the judiciary as a separate coequal branch of government (see, Saxton v Carey, 44 NY2d 545, 549; People ex rel. Burby v Howland, 155 NY 270, 282). This exclusion of courts from FOIL’S coverage serves a public policy of ensuring the independence of the judiciary. Since the judiciary was not a party during the administrative proceeding, this policy merits protection just as the confidentiality rights of third parties. This court will address respondent’s argument that Grand Jury minutes are court records.
Grand Jury minutes are court records which are exempt from "the ambit of FOIL” (Matter of Mullgrav v Santucci, 195 AD2d 786, supra; Matter of Gibson v Grady, 192 AD2d 657, supra; Public Officers Law § 86 [1], [3]). Petitioner’s request for Grand Jury minutes is denied in its entirety.

 Federal cases provide little guidance, since the Federal Freedom of Information Act specifically provides for de novo review in the District Court (see, 5 USC § 552 [a] [4] [B]; Ryan v Department of Justice, 617 F2d 781, 792).