(October 28, 1997)

■ In the Matter of IDANT LABORATORIES et al., Appellants, v STATE OF NEW YORK DEPARTMENT OF HEALTH et al., Respondents. [663 NYS2d 196] —Order and judgment (one paper), Supreme Court, New York County (Lewis Friedman, J.), entered April 21, 1995, which denied petitioners' applications pursuant to CPLR article 78 to annul respondent State Department of Health's (DOH) denials of petitioners' applications for blood bank and clinical laboratory licenses, and dismissed this consolidated proceeding, unanimously affirmed, without costs or disbursements.

The decision to grant or deny blood bank and clinical laboratory licenses depends on whether "the clinical laboratory or blood bank is competently staffed and properly equipped, and will be operated in the manner required by this title" (Public Health Law § 575 [2]). This evaluation of operational practices and other factual data obviously requires expertise, and is not at all in the nature of a ministerial act. Therefore, it should be accorded deference (*see, Matter of Medical Malpractice Ins. Assn. v Superintendent of Ins. of State of N. Y.*, 72 NY2d 753,

*cert denied* 490 US 1080). Thus, the instant proceedings do not sound in mandamus to compel, but rather mandamus to review, the standard of which is whether the agency's determination was arbitrary and capricious (*see, Matter of Scherbyn v Wayne-Finger Lakes Bd. of Coop. Educ. Servs.*, 77 NY2d 753, 757-758).

The IAS Court correctly held that, under the circumstances, petitioners had neither a property interest nor a right to a formal hearing by State DOH (*see, Matter of Daxor Corp. v State of N. Y. Dept. of Health*, 90 NY2d 89). Concur—Murphy, P. J., Sullivan, Ellerin, Nardelli and Mazzarelli, JJ.