■ In the Matter of ANONYMOUS, Appellant, v COMMISSIONER OF HEALTH et al., Respondents. [801 NYS2d 302]—

Order, Supreme Court, New York County (Judith Gische, J.), entered March 11, 2005, which, to the extent appealed from as limited by the briefs, denied the relief requested by petitioner, unanimously reversed, on the law, without costs, and the matter remanded for further proceedings consistent with the decision herein.

In September 2004, following a lengthy investigation, the New York State Board for Professional Medical Conduct presented petitioner with a draft statement of charges stating numerous allegations of professional misconduct. By late October, in lieu of a hearing before an administrative law judge, petitioner and respondents agreed upon a 36-month suspension of petitioner's medical license, all but 10 months of which would be stayed. Following this, the parties entered negotiations on what allegations petitioner would and would not contest. It was

eventually agreed upon that petitioner would simply acknowledge that he "cannot successfully defend against at least one of the acts of misconduct alleged."

On October 28, 2004, petitioner received a proposed consent agreement. The agreement was prepared by respondent Office of Professional Medical Conduct (OPMC), and was approved by its Director, Dennis Graziano, before it was sent to petitioner. The agreement did not make any provision respecting publication of the statement of charges, and respondents had made no request on this matter. After some minor changes, also approved by Graziano, the final consent agreement was sent to petitioner on November 1, 2004.

On November 2, 2004, petitioner executed the consent agreement. On December 8, 2004, the Director's office received it. The following day, prior to Graziano executing the agreement, petitioner commenced the first of two CPLR article 78 proceedings. The proceeding was brought to prevent respondents from publishing the charges against petitioner on their Web site.

After the commencement of this first article 78 proceeding, Graziano refused to sign the consent agreement. He averred that there had been no "meeting of the minds" due to the disagreement concerning publication. Graziano maintained that he had expected that upon finalization the agreement would be published in its entirety, including the statement of charges. Once Graziano refused to sign the agreement, petitioner withdrew the article 78 proceeding, since the absence of a finalized consent agreement made it moot.

Petitioner filed a second article 78 proceeding on January 27, 2005. In this second proceeding, petitioner argued that Graziano's refusal to sign the consent agreement was an "abuse of discretion" and done "solely in retaliation and as retribution and punishment for petitioner having filed the first article 78." Petitioner sought an order "compelling respondent to serve and sign the consent agreement negotiated and agreed to by the parties."

Supreme Court rejected petitioner's arguments and denied his petition insofar as it requested an order compelling respondents to sign the consent agreement.

It is hornbook law that a mandamus to compel may not force the performance of a discretionary act, but rather only purely ministerial acts to which a clear legal right exists. Under CPLR 7803 (1), the petitioner "must have a clear legal right to the relief demanded and there must exist a corresponding nondiscretionary duty on the part of the administrative agency to grant that relief" (*Matter of Scherbyn v Wayne-Finger Lakes Bd. of*

*Coop. Educ. Servs.,* 77 NY2d 753, 757 [1991]). If in fact petitioner were seeking a mandamus to compel, his petition would fail. However, it is by no means clear whether petitioner's claim is properly cast as a writ of mandamus to compel rather than a mandamus to review.

In accordance with CPLR 7803 (3), "[i]n a proceeding in the nature of mandamus to review, . . . a court examines an administrative action involving the exercise of discretion. Mandamus to review resembles certiorari, except that in a certiorari proceeding a quasi-judicial hearing normally is required and the reviewing court has the benefit of a full record. . . . The standard of review [in a mandamus to review] proceeding is whether the agency determination was arbitrary and capricious or affected by an error of law" (77 NY2d at 757-758). Though petitioner requests an order to compel a discretionary act, the substance of his demand in the second article 78 proceeding is for the court to review respondents' decision and annul it as an abuse of discretion.

The sole cause of action in the second article 78 proceeding is plainly stated as one for "abuse of discretion." The petition clearly shows that petitioner sought review of respondents' refusal to execute the consent agreement on the grounds that the refusal was for an improper purpose.

Petitioner concedes that the decision to enter into the agreement was discretionary. However, he argues that the discretion is not absolute so far as "respondent's rejection of the previously agreed upon consent agreement was retaliatory, punitive and vindictive, and was, therefore, arbitrary and capricious and an abuse of discretion." Simply because a challenged act is discretionary does not mean it is unreviewable under CPLR 7803 (3) (*see e.g. Matter of Anonymous v Codd,* 40 NY2d 860 [1976]; *Prescott v New York City Hous. Auth.,* 227 AD2d 287 [1996]; *Matter of Beacham v Brown,* 215 AD2d 334 [1995]).

In the instant case, petitioner contends that respondents refused to perform a discretionary act for improper reasons and, should he prevail at a hearing, that the court should compel respondents to execute the agreement. This is completely consistent with a mandamus to review pursuant to CPLR 7803 (3). A mandamus to review authorizes the court to review "whether a determination was made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion." (*Id.*) Irrespective of the Director's "untrammeled" discretion, the court can review and annul a determination that was "irrational, arbitrary, or capricious" (*see Matter of Poster v Strough,* 299 AD2d 127, 141 [2002]; *see also Scherbyn,* 77 NY2d at 757-758).

The remaining question on review is whether Supreme Court properly held that respondents withheld their consent to the agreement for proper, nonretaliatory reasons. We find it did not.

It is uncontested that respondents had a legitimate reason for which they could have refused to execute the consent agreement. Putting the public on notice of doctors who are unable to defend charges against them, and what those charges are, is a valid public policy rationale for respondents to have refused to enter into the agreement. However, there exists a real question of fact as to Graziano's decision not to execute the agreement.

It is clear from the record that OPMC Deputy Counsel Roy Nemerson expressly told petitioner's counsel that execution of the consent agreement was "imminent" as of December 8, 2004. However, between December 8 and 12 the status of the agreement went from imminent execution to rejection, and the only thing that happened in the interim was the filing of petitioner's first article 78 petition. Second, Graziano has on only one other occasion declined to sign a proposed consent agreement that had already been executed by the physician, his attorney and an OPMC attorney. Third, the condition of publication was not included in the consent agreement. Additionally, respondents argued that they were legally justified in publicizing the entire statement regardless of petitioner's consent. However, this gives rise to the question of why the first article 78 proceeding stopped respondents from carrying through with the execution of the agreement and subsequent publication if "meeting of the minds" was necessary.

Finally, respondents' refusal to entertain petitioner's full-disclosure offer raises further issues of fact with regard to respondents' motives, which should be resolved at a hearing (see Matter of Buric v Safir, 285 AD2d 255, 264-265 [2002], lv dismissed 98 NY2d 688 [2002]; Matter of Martinez v State Univ. of N.Y.-Coll. at Oswego, 13 AD3d 749 [2004]; see also McManus v Grippen, 244 AD2d 632 [1997] [summary judgment properly denied to County Executive on claim of retaliation for exercise of constitutional rights]). CPLR 7804 (h) expressly states that "[i]f a triable issue of fact is raised in a proceeding under this article, it shall be tried forthwith." Concur—Saxe, J.P., Nardelli, Williams, Gonzalez and Catterson, JJ. [See 7 Misc 3d 627.]