In the Matter of NATHAN J. ECK et al., Appellants, v THE MAYOR OF THE VILLAGE OF ATTICA et al., Respondents. [816 NYS2d 630]—

Appeal from a judgment (denominated order) of the Supreme Court, Wyoming County (Michael F. Griffith, A.J.), dated January 18, 2005 in a proceeding pursuant to CPLR article 78. The judgment dismissed the petition.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Petitioners commenced this proceeding pursuant to CPLR article 78 seeking to compel respondents to place

their diminishment proposition on the ballot for the next election to be held. They contend on appeal that Supreme Court erred in refusing to compel respondents to do so, because the relief sought is a duty enjoined upon respondents by law. Petitioners thus contend that they are entitled to relief in the nature of mandamus to compel pursuant to CPLR 7803 (1). We reject that contention. "It is hornbook law that a mandamus to compel may not force the performance of a discretionary act, but rather only purely ministerial acts to which a clear legal right exists. Under CPLR 7803 (1), the petitioner 'must have a clear legal right to the relief demanded and there must exist a corresponding nondiscretionary duty on the part of the administrative agency to grant that relief' " (*Matter of Anonymous v Commissioner of Health*, 21 AD3d 841, 842 [2005], quoting *Matter of Scherbyn v Wayne-Finger Lakes Bd. of Coop. Educ. Servs.*, 77 NY2d 753, 757 [1991]). Contrary to the contention of petitioners, they failed to establish that they have a clear legal right to the relief they seek, i.e., the placement of the diminishment proposition on the ballot for the next election. Pursuant to Village Law § 18-1804, "[t]he boundaries of a village may be diminished by excluding from its corporate limits territory not adjacent to nor benefited by . . . fire protection" when the benefit has been completed within the village at issue. Here, petitioners failed to establish that the subject properties were not benefited by fire protection.

Petitioners do not contend on appeal that they are entitled to mandamus to review pursuant to CPLR 7803 (3) and thus are deemed to have abandoned any contention with respect thereto (*see generally Ciesinski v Town of Aurora*, 202 AD2d 984 [1994]). Present—Scudder, J.P., Kehoe, Smith, Green and Pine, JJ.