■ In the Matter of NIAGARA FRONTIER TRANSPORTATION AUTHORITY, Appellant, v THOMAS P. DINAPOLI, as Comptroller of the State of New York, et al., Respondents. [892 NYS2d 681]—

In 1972, petitioner, a public benefit corporation and participating employer in the New York State and Local Employees' Retirement System (*see* Public Authorities Law § 1299-c [1] [a]; § 1299-e [9] [b]), hired respondent Michael T. McCue as a fieldperson and assigned him to work at what then was known as the Greater Buffalo International Airport. At the time petitioner was hired, membership in the Retirement System was mandatory for anyone who entered or reentered the service of the state or a participating employer on or after July 1, 1948 except, insofar as is relevant here, those in "the labor class" or "[w]ho are laborers and who are not covered by [Military Law article 9]" (Retirement and Social Security Law § 40 [b] [1] [b], [c]). Petitioner construed McCue's position to be that of a laborer and did not enroll him in the Retirement System. Although McCue was offered the opportunity to join the Retirement System in both 1972 and 1977, he declined on both occasions.[1]

In July 2004, McCue applied for membership in the Retirement System, was placed in tier 4 and petitioner began making employer contributions on his behalf. When McCue retired in November 2007, respondent Comptroller (hereinafter respondent) concluded that McCue was a mandatory member of the Retirement System as of October 26, 1972, placed him in tier 1 and informed petitioner that it owed employer contributions in excess of $300,000. Petitioner disputed McCue's tier status and requested that respondent examine the matter further. By determination dated August 5, 2008, respondent advised that a review of McCue's employment status as of October 1972 revealed that his membership in the Retirement System was mandatory and, accordingly, his date of membership had been corrected. Petitioner responded by submitting, among other things, copies of McCue's job description to support its claim that McCue was a laborer and, hence, exempt from the mandatory membership provisions. By determination dated November 3, 2008, respondent, upon review of the job descriptions

---

1.  Membership in the Retirement System became mandatory for all full-time employees hired after July 1, 1976—regardless of job title (*see* Retirement and Social Security Law § 500).

provided, confirmed its original determination. Petitioner then commenced this CPLR article 78 proceeding seeking to annul respondent's determination. Supreme Court dismissed petitioner's application, prompting this appeal.

The crux of petitioner's argument on review is that respondent's respective determinations failed to articulate the rationale underlying and/or support the finding that McCue was a mandatory member of the Retirement System as of October 26, 1972. We cannot agree. Preliminarily, inasmuch as this is a proceeding in the nature of mandamus to review, "no quasi-judicial hearing is required; the petitioner need only be given an opportunity 'to be heard' and to submit whatever evidence he or she chooses" (*Matter of Scherbyn v Wayne-Finger Lakes Bd. of Coop. Educ. Servs.*, 77 NY2d 753, 757 [1991]). Petitioner was afforded that opportunity here, and while the job descriptions it submitted for the title of fieldperson indeed set forth assignments that one might associate with the position of a laborer, they also expressly list an ability to learn and have knowledge of Federal Aviation Administration regulations relative to airport operations as a job requirement. Those job descriptions, respondent concluded, "strongly indicate[d]" that McCue's initial position as a fieldperson[2] entailed responsibilities beyond that of a laborer. Upon our review of the record, we cannot say that respondent's finding in this regard was arbitrary and capricious or an abuse of discretion (*see* CPLR 7803 [3]). Petitioner's remaining contentions, including its due process claim, have been examined and found to be lacking in merit.

Peters, J.P., Malone Jr., Stein and McCarthy, JJ., concur. Ordered that the judgment is affirmed, without costs.

---

**2.** McCue was promoted to groundsperson II in 1992, groundsperson I in 1994 and senior groundperson in 2001.