Petitioners failed to exhaust their administrative remedies with respect to FOIL request No. 6762. Petitioners’ administrative appeal was filed more than 30 days after respondents’ letter denying the request (see Matter of McGriff v Bratton, 293 AD2d 401 [1st Dept 2002]). Petitioners’ argument that this letter did not constitute a denial of their request because it lacked a notice of the right to appeal, is unavailing since the letter clearly stated that it was the “final response” to the request.
Although respondents failed to meet their burden to show that petitioners’ claims pertaining to FOIL request No. 6890 were barred by the statute of limitations, given that a postmarked envelope showed that the denial of the administrative appeal was mailed on February 24, 2011, and the proceeding was commenced less than four months later, on June 22, 2011 (see Matter of LaSonde v Seabrook, 89 AD3d 132, 139-140 [1st Dept 2011], lv denied 18 NY3d 911 [2012]; CPLR 217), petition *446 ers failed to exhaust their administrative remedies. Petitioners’ administrative appeal was premature, given that respondents’ efforts to respond to the request within the applicable time limitations were ongoing (see Matter of Braxton v Commissioner of NY. City Police Dept., 283 AD2d 253 [1st Dept 2001]).
The court also properly denied petitioners’ request for a permanent injunction enjoining respondent from extending its time to respond to any future FOIL requests. Such relief is unavailable under the circumstances (see CPLR 7806; see e.g. Matter of Harvey v Hynes, 174 Misc 2d 174, 177 [Sup Ct, Kings County 1997]). Concur — Mazzarelli, J.P., Moskowitz, Abdus-Salaam and Feinman, JJ.