OPINION OF THE COURT
Glen T. Bkuening, J.
Petitioner, Civil Service Employees Association, Inc. (CSEA), commenced this hybrid CPLR article 78 proceeding and declaratory judgment action seeking a declaration that respondents violated Public Authorities Law § 2629 (2) (a) when they determined that three employees that were “laid off” in March 2016 due to slow seasonal work, were reinstated as “new hires” in May 2016, depriving those individuals of certain benefits. Petitioner’s CPLR article 78 claim rests upon the interpretation of certain statutory provisions in the Public Authorities Law, and therefore only involves questions of law for this court. Furthermore, as this matter involves the “parties’ differences over the interpretation of the statute, declaratory relief will have a practical effect and thus is appropriate” (International Union of Painters & Allied Trades, Dist. Council No. 4 v New York State Dept. of Labor, 147 AD3d 1542, 1543 [4th Dept 2017]).
In 1981, the Olympic Regional Development Authority (ORDA) was created as a public benefit corporation with the authority to enter into contracts to maintain and manage state-owned and other Olympic facilities (see Public Authorities Law § 2606). In 2012, the legislature directed the Department of Environmental Conservation (DEC) and ORDA to enter into an agreement by which DEC would transfer to ORDA its authority to operate the facility at the Belleayre Mountain Ski Center (Belleayre), located in Ulster County, New York (see Public Authorities Law § 2614 [4]). New York State’s 2012-2013 enacted budget transferred the operation, maintenance and management of Belleayre from the DEC to ORDA.
As part of that transfer, DEC employees working at Bel-leayre were transferred to ORDA. Public Authorities Law § 2629 (2) (a) provides, in part, that
“[s]uch employees shall be transferred without further examination or qualifications and shall retain their respective civil service classifications, status, salary, wages and negotiating unit, if any. No indi *677 vidual who is transferred shall gain any additional rights as a result of such transfer. However, once the employment of any transferred employee who is currently placed within a negotiating unit as defined by article fourteen of the civil service law is terminated or otherwise ceases, by any means, any individual hired to fill such vacancy shall not be placed in the same negotiating unit of the former incumbent but rather shall be placed in the negotiating unit that contains employees of the authority.”
Prior to the transfer, DEC employees working at Belleayre who were represented by CSEA held titles governed by the CSEA-Operational Services Unit collective bargaining agreement (CSEA-OSU). While CSEA also represents certain ORDA employees, those titles are governed by a separate CSEA-ORDA collective bargaining agreement. Petitioner alleges that the benefits under the CSEA-ORDA agreement—including leave time and health benefits—are not as expansive as the benefits provided under the CSEA-OSU agreement.
As is relevant to this action, three seasonal CSEA-OSU employees—Joseph Fitzgerald, Israel Rivera, and Michael Ballard—were transferred from DEC to ORDA. Upon that transfer, those individuals remained subject to the CSEA-OSU collective bargaining agreement. Then, in March 2016, Fitzgerald, Rivera, and Ballard were laid off from work, but recalled back to work approximately two months later. When recalled, they were recalled as “new hires” and placed within the CSEA-ORDA negotiating unit with job duties that were essentially the same as they had prior to the layoffs (see answer f 17). By classifying the recalled CSEA-OSU employees as new hires, respondents deemed Fitzgerald, Rivera, and Ballard subject to the CSEA-ORDA agreement which, among other things, resulted in a loss of a substantial amount of accrued sick leave together with an increase in health insurance costs.
In support of its application, petitioner argues that respondents violated Public Authorities Law § 2629 (2) (a) in that the layoffs of Fitzgerald, Rivera, and Ballard did not create a vacancy, and their subsequent recall—two months later—did not make them “new hires.” Petitioner notes that prior to Bel-leayre’s transfer to ORDA, CSEA-OSU employees were routinely laid off due to slow seasonal work and, when recalled back to work, did not lose benefits. Petitioner argues that respondents improperly interpreted the Public Authorities Law, *678 depriving Fitzgerald, Rivera, and Ballard of their right to “retain their respective civil service classifications, status, salary, wages and negotiating unit.”
In opposition, respondents state that, starting in 2013 and continuing thereafter, each seasonal CSEA-OSU employee that was laid off was rehired and placed in the CSEA-ORDA negotiating unit, and that the term “layoff” is equivalent to a termination of employment, since there is no guarantee that those individuals would be rehired. Thus, respondents argue, Fitzgerald, Rivera, and Ballard were properly placed in the CSEA-ORDA negotiating unit as new hires when they were recalled back to work two months after they were laid off.[1]
As petitioner asserts that respondents' determination to classify Fitzgerald, Rivera, and Ballard as new hires in May 2016 is contrary to the Public Authorities Law (see CPLR 7803 [3]), the court must examine whether ORDA’s determination was arbitrary and capricious or affected by an error of law (see Matter of Scherbyn v Wayne-Finger Lakes Bd. of Coop. Educ. Servs., 77 NY2d 753, 757-758 [1991]).
It is fundamental that a court, in interpreting a statute, should attempt to effectuate the intent of the legislature (see Riley v County of Broome, 95 NY2d 455, 463 [2000]).
“Importantly, the function of the courts is to enforce statutes, not to usurp the power of legislation, and to interpret a statute where there is no need for interpretation, to conjecture about or to add to or to subtract from words having a definite meaning, or to engraft exceptions where none exist are trespasses by a court upon the legislative domain” (International Union of Painters & Allied Trades, Dist. Council No. 4 v New York State Dept. of Labor, 147 AD3d at 1544 [internal quotation marks, brackets and citation omitted]).
When a statute fails to define a given term, “the statutory text is the clearest indicator of legislative intent and courts should construe unambiguous language to give effect to its plain meaning” (Matter of Lewis Family Farm, Inc. v New York State Adirondack Park Agency, 64 AD3d 1009, 1013-1014 [3d Dept 2009] [internal quotation marks, brackets and citations omitted]).
*679 By its clear language, Public Authorities Law § 2629 (2) (a) prevents transferred employees from losing “their respective civil service classifications, status, salary, wages and negotiating unit.” It also operates to prevent those employees from “gaining additional rights as a result of such transfer.” Clearly, the statute was designed to keep the status quo of employees subject to the transfer. For purposes of this action, the statute provides that when the employment of a CSEA-OSU employee has “terminated or otherwise ceases, by any means,” any individual hired to fill that vacancy shall be placed in the ORDA negotiating unit, rather than negotiating unit of the “former incumbent” (Public Authorities Law § 2629 [2] [a] [emphasis added]).
DEC employees were routinely laid off and then recalled without losing their sick leave and other benefits. Here, incumbents Fitzgerald, Rivera, and Ballard were recalled to their prior positions, consistent with standard practice for certain seasonal employees. While they were laid off temporarily, they were not terminated and replaced by a new hire. While respondents equate “layoff” with “termination,” those words have two distinctly different definitions. “Termination” is defined as “an ending of employment with a specific employer” (Dictionary.com, http://www.dictionary.com/browse/ terminations=t [accessed Mar. 28, 2017]),[2] while the term “layoff” generally means “the act of dismissing employees, especially temporarily” (Dictionary.com, http://www.dictio-nary.com/browse/layoff?s=t [accessed Mar. 28, 2017]). Moreover, because the statute characterizes employees terminated and not recalled as “former incumbent [s],” it distinguishes the incumbent who is laid off and recalled from the employee who is terminated and replaced. The term “former incumbent” would apply to a past “holder” of the now-vacant position (Dictionary.com, http://www.dictionary.com/browse/incumbent?s=t [accessed Mar. 29, 2017]), which clearly does not apply to an individual who is temporarily dismissed from their position due to a reduction in workforce. Furthermore, the statute refers to a “vacancy” occurring when an employee is terminated. In this case, these positions were not considered vacant but, rather, offered to the incumbent upon return from the temporary layoff. Had the incumbents been terminated or decided *680 not to return, the positions would have become vacant and filled by a new employee.
As written, Public Authorities Law § 2629 (2) (a) operates to maintain the status quo of employees transferred from DEC’s employ to ORDA. In this case, by deeming laid off employees to be terminated employees, respondents have improperly exceeded their statutory mandate. Consequently, the court concludes that respondents’ interpretation of Public Authorities Law § 2629 (2) (a) is in error of law and contrary to the plain terms of the statute.
Accordingly, it is hereby ordered and adjudged that the verified petition is granted to the extent that petitioner is entitled to a declaration that the layoff of seasonal employees does not constitute a termination or cessation of their employment resulting in a vacancy for purposes of Public Authorities Law § 2629 (2) (a); and it is further ordered and adjudged that the verified petition is granted to the extent that respondents’ determination to recall Joseph Fitzgerald, Israel Rivera, and Michael Ballard to work in May 2016 as new hires, and subject to the CSEA-ORDA negotiating unit, is annulled; and it is further ordered and adjudged that respondents shall take action consistent with this decision and order/judgment.

. Respondent David P. McKillip, ORDA’s Director of Human Resources, attests that he consulted with the Governor’s Office of Employee Relations (GOER), which confirmed that GOER deemed recalled CSEA-OSU employees to be new hires.

. “Cease,” as in employment that is “terminated or otherwise ceases,” is similarly defined as “to come to an end” (Dictionary.com, http://www.dictio-nary.com/browse/cease?s=t [accessed Mar. 28, 2017]).