Matter of Windermere Props. LLC v City of New York (2025 NY Slip Op 06798)

Matter of Windermere Props. LLC v City of New York

2025 NY Slip Op 06798

Decided on December 04, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 04, 2025

Before: Kern, J.P., Friedman, Gesmer, Pitt-Burke, O'Neill Levy, JJ. 

Index No. 161016/22|Appeal No. 5293-5294|Case No. 2024-01732, 2024-02289|

[*1]In the Matter of Windermere Properties LLC, Petitioner-Appellant,
v
City of New York et al., Respondents-Respondents. 

Rosenberg & Estis, P.C., New York (Alex M. Estis of counsel), for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York (Shane Magnetti of counsel), for respondents.

Order and judgment (one paper), Supreme Court, New York County (Nancy M. Bannon, J.), entered on or about December 28, 2023, which denied the petition to annul and vacate the August 24, 2022 determinations of respondent hearing agency (OATH) denying petitioner's motions to vacate default judgments and seeking to direct OATH to conduct new hearings or reduce the penalties imposed, and dismissed this proceeding brought pursuant to CPLR article 78, unanimously modified, on the law, without costs, and the petition granted to the extent of annulling the OATH determinations and remanding to OATH for determinations on the merits, and otherwise affirmed, without costs. Appeal from order, same court and Justice, entered on or about March 4, 2024, which, to the extent appealed from as limited by the briefs, denied petitioner's motion for leave to renew its petition, unanimously dismissed, without costs, as academic.
Supreme Court should not have denied and dismissed the petition based on res judicata. The court previously dismissed a prior proceeding brought pursuant to CPLR article 78 by petitioner challenging denials of similar motions, based on grounds other than the one invoked by OATH in the determinations challenged in this proceeding (see Matter of Windermere Props., LLC v City of New York, 231 AD3d 461, 462 [1st Dept 2024]). OATH and the other respondents waived the defense of res judicata by failing to raise it in the answer (CPLR 3211[a][5], [e]). Nor does the defense even apply. Petitioner's challenge to the denials here "was not ripe for judicial review at the time petitioner commenced [the prior] proceeding" (Matter of Robbins v New York City Landmarks Preserv. Commn., 176 AD3d 440, 442 [1st Dept 2019], lv denied 34 NY3d 913 [2020]; see CPLR 7801[1]; Parker v Blauvelt Volunteer Fire Co., 93 NY2d 343, 349 [1999]). Moreover, this case does not present "genuinely extraordinary circumstances warranting . . . sua sponte consideration of the doctrine of res judicata" (Matter of Oustatcher v Clark, 238 AD3d 416, 417 [1st Dept 2025]; cf. Matter of Police Benevolent Assn. of the City of N.Y., Inc. v City of New York, 215 AD3d 463, 463 [1st Dept 2023], lv denied 40 NY3d 906 [2023]).
Turning to the merits, OATH's denials of petitioner's motions to vacate the default judgments were "affected by an error of law" (CPLR 7803[3]). OATH made each determination on a form with pre-printed reasons for denial, checking the box corresponding to the statement: "The summons was paid in full. Payment in full is considered an admission and a waiver of a hearing." However, this conflicts with OATH's own regulations, which allow defaulting parties to request a new hearing "after default is granted and the Respondent has already made a full or partial payment," and provide that after the new hearing is completed and OATH issues a decision, it will consider refund requests (Rules of City of NY of Office of Administrative Trials and Hearings [48 RCNY] § 6-21[f], [h]).
We reject respondents' argument that petitioner failed to meet the "exceptional circumstances" standard applicable to administrative motions to vacate defaults, as OATH did not rely on this standard in the denials at issue (48 RCNY 6-21[f]). It is well settled that "[j]udicial review of an administrative determination is limited to the grounds invoked by the agency" (Matter of New York Civ. Liberties Union v New York State Off. of Ct. Admin., — NY3d — , 2025 NY Slip Op 05784, *2, [2025], quoting Matter of Madeiros v New York State Educ. Dept., 30 NY3d 67, 74 [2017]; see Matter of Scherbyn v Wayne-Finger Lakes Bd. of Coop. Educ. Servs., 77 NY2d 753, 758 [1991]).
We remand to OATH to consider whether petitioner can prove exceptional circumstances on each motion to vacate. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 4, 2025