■ TREVOR DUNCAN, M.D., Appellant, v NEW YORK CITY DEPARTMENT OF EDUCATION, Respondent. [1 NYS3d 89]—Amended judgment, Supreme Court, New York County (Peter H. Moulton, J.), entered August 29, 2013, denying the petition to vacate an arbitration award terminating petitioner's employment with re-

spondent the New York City Department of Education (DOE), and dismissing the proceeding brought pursuant to CPLR article 75 and Education Law § 3020-a (5), unanimously affirmed, without costs.

The Hearing Officer's determination was in accord with due process, rational, and supported by adequate evidence (see *Lackow v Department of Educ. [or "Board"] of City of N.Y.*, 51 AD3d 563, 567-568 [1st Dept 2008]). The specifications sufficiently apprised petitioner of the charges against him (see *Matter of D'Ambrosio v Department of Health of State of N.Y.*, 4 NY3d 133, 140 [2005]). Indeed, the specifications detailed the bases for the charges and listed specific dates that corresponded to numerous observation reports and letters to petitioner's file (cf. *Wolfe v Kelly*, 79 AD3d 406, 410-411 [1st Dept 2010], *appeal dismissed* 17 NY3d 844 [2011]). Further, petitioner was able to mount a defense; indeed, he called 13 out of the 18 witnesses, and his counsel had the opportunity to examine or cross-examine every witness (see *Matter of Ajeleye v New York City Dept. of Educ.*, 112 AD3d 425, 425 [1st Dept 2013]). There is no basis to disturb the Hearing Officer's credibility findings in favor of the DOE's witnesses (see *id.*).

The selection of the Hearing Officer comported with the law (see Education Law § 3020-a [3] [b] [ii]). Further, the record shows that petitioner had an adequate opportunity to prepare for the hearing, as the notice of charges and specifications were mailed to his home approximately a month before the hearing, and he retained counsel over a week before the hearing.

Petitioner's argument regarding the DOE's answer was not presented to the Supreme Court, and it may not be raised for the first time on appeal (see *Ta-Chotani v Doubleclick, Inc.*, 276 AD2d 313, 313 [1st Dept 2000]).

We have considered petitioners' remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Sweeny, Andrias, Moskowitz and Richter, JJ.