■ In the Matter of DAVID SUKER, Respondent, v NEW YORK CITY BOARD/DEPARTMENT OF EDUCATION, Appellant. [11 NYS3d 578]—

Order and judgment (one paper), Supreme Court, New York County (Alice Schlesinger, J.), entered August 23, 2013, which, in this proceeding brought pursuant to CPLR article 75, granted the petition to vacate a hearing officer's award to the extent of annulling the portion of the award that sustained the third set of charges against petitioner and imposed the penalty of termination of his employment as a tenured New York City public school teacher, and remanded the matter to respondent New York City Department of Education (DOE) for the imposition of an appropriate lesser penalty, unanimously affirmed, without costs.

There is no evidence in the record to support petitioner's claims that his due process rights were violated, since he was provided with the third set of charges more than 10 days before he offered testimony with respect to those charges, and he did not object to DOE's request for consolidation of all of the charges against him. Even though DOE did not specify the precise sections of the Penal Law allegedly violated, the allegations in the three specifications fairly apprised petitioner of the basis of the alleged misconduct (*see Duncan v New York City Dept. of Educ.*, 124 AD3d 463, 464 [1st Dept 2015]).

Nevertheless, Supreme Court did not exceed its authority in finding that the third set of charges against petitioner was time-barred. Education Law § 3020-a (1) requires that disciplinary charges against a teacher be brought within three years from the date of the alleged misconduct, unless the alleged misconduct constituted a crime when committed. Petitioner was not required to raise the statutory time limitation set forth in Education Law § 3020-a (1) as a defense in the disciplinary proceeding. Where, as here, "a statute creates a right unknown at common law, and also establishes a time period within which the right may be asserted, the time limit is . . . a condition attached to the right as distinguished from a [s]tatute of [l]imitations which must be asserted by way of defense" (*Lincoln First Bank of Rochester v Rupert*, 60 AD2d 193, 196 [4th Dept 1977]). Accordingly, DOE had the burden of establishing that it met the time requirement set forth in Education Law § 3020-a (1) or that the crime exception to the time requirement applied (*see Matter of Aronsky v Board of Educ., Community School Dist. No. 22 of City of N.Y.*, 75 NY2d 997, 999-1000 [1990]). DOE failed to meet its burden. The record shows that the alleged misconduct, petitioner's submission of false documentation to DOE in order to improperly obtain his daughter's admission to DOE schools for which she was not zoned, occurred more than three years before DOE brought the third set of charges against petitioner. Although DOE requested that the Hearing Officer take judicial notice of two sections of the Penal Law and repeatedly characterized petitioner's conduct as "criminal," the Hearing Officer never found that the conduct constituted a crime, and there is no basis for making such a finding. Accordingly, the third set of charges were time-barred.

As the DOE essentially conceded at the disciplinary hearing, the first and second set of charges against petitioner do not support the penalty of terminating petitioner's employment with DOE. Accordingly, Supreme Court correctly remanded the

matter to DOE for the imposition of an appropriate lesser penalty. Concur—Tom, J.P., Renwick, Manzanet-Daniels and Kapnick, JJ.